## FRANKLIN DOOLITTLE v. NASH*

### Contract.

Where a subcontracter for the construction of a section of railroad, was prevented from completing his contract by reason of the further construction of the road being enjoined without fault of the principal contractor or of the subcontractor, *held*, that the subcontacter might recover of the principal contracter' damages sustained in consequence thereof.

COVENANT. The declaration alleged that on December 7, 1870, by a certain indenture of that date, plaintiff covenanted and agreed to construct and complete for defendant by the first day of May then next, ready for the superstructure, a certain section of the West River Railroad in Vernon, and defendant covenanted and agreed to pay plaintiff a certain price therefor; that plaintiff entered upon the performance of his said covenants and agreements, and expended divers large sums of money in and about the same, but that defendant did not nor would permit him to fully perform the same and complete said work, but discharged him, and prevented him from so doing, whereby he sustained great damage. The third plea in bar alleged, that in the fall of 1870, defendant contracted with the West River R. R. Co., a corporation created by the Legislature of this state, to build all of its road in Vernon ready for the superstructure, the same having been duly surveyed and located on lands owned and occupied by the Vermont & Massachusetts R. R. Co., and the lands of Lorenzo

---

Brown and Mary C. Brown, and lands of Hiram Doolittle, and of various other persons in said towns ; that defendant sublet a section of said road to plaintiff as alleged in the declaration, and that plaintiff entered upon the performance of his contract, and partly completed the same as alleged, but that on Dec. 22, 1870, the West River R. R. Co. and the defendant, and all their agents, servants, and employes, and all persons acting under them, were, without defendant's procurement or fault, and against his will, enjoined by an injunction duly issued by the Court of Chancery of this state, upon the bill of complaint of the Vermont & Massachusetts R. R. Co. and the Rutland R. R. Co., from constructing said road on said lands of the Vermont & Massachusetts R. R. Co., and by an injunction issued by said court upon the bill of complaint of said Lorenzo Brown, Mary C. Brown, and Hiram Doolittle, from constructing said road on said lands of said Lorenzo Brown and Mary C. Brown, and said lands of said Hiram Doolittle, which said injunctions were duly served upon said West River R. R. Co. and the defendant, on the 22d day of December aforesaid, and thereby the further construction of said railroad prevented ; and that said injunctions had not been removed, but were in full force at the time of the service of the writ in this suit, and still remained in full force, and not removed or dissolved.    General demurrer to said plea.

The court, at the April Term, 1874, BARRETT, J., presiding, overruled the demurrer, pro forma, and adjudged the plea sufficient, and rendered judgment for defendant.    Exceptions by plaintiff.

C. N. Davenport, for plaintiff, cited Chit. Cont. 59, 735, et seq ; 1 Parsons Cont. 384, 385 ; 2 Ib. 184, et seq ; Hore v. Whittemore, Cowp. 784 ; Barker v. Hodgson, 3 M. & S. 267 ; Doughty v. Neal, 1 Wns. Saund. 215, and notes ; Eddy v. Clement, 38 Vt. 486 ; Hadley v. Clark, 8 Term, 259 ; Baylies v. Fettyplace, 7 Mass. 331 ; Mill Dam Co. v. Hovey, 21 Pick. 417.

Field & Tyler, for defendants, cited 2 Story Eq. Jur. 154 ; Jeremy Eq. 307 ; 2 Parsons Cont. 186, n., 562, n. ; 1 Salk. 198 ; Hadley v. Clark, 8 Term, 259 ; Baylies v. Fettyplace, 7 Mass. 325.

The opinion of the court was delivered by

PIERPOINT, Ch. J.   The only question in this case is as to the sufficiency of the defendant's third plea to the plaintiff's declaration.   In the plea, the defendant admits the contract as set out in the declaration, and also the allegations that the plaintiff entered upon the performance of the contract with a large number of men and teams, and proceeded with the work which he had contracted to perform, until he was stopped in the work by an injunction issued by the Court of Chancery on the complaint of the Vermont & Massachusetts R. R. Co. and the Rutland R. R. Co., and also an injunction issued on the complaint of certain persons upon whose lands the plaintiff was at work under said contract, by which injunction the West River R. R. Co. and the defendant, who had contracted with said West River R. R. Co. to build their road, were enjoined, together with their agents, servants, and employes, from further prosecuting the construction of their road over that portion thereof embraced in the said contract between the plaintiff and defendant, and thereby the performance of the said contract by the plaintiff was suspended and prevented, and alleges that said injunction was issued without the procurement or fault of the defendant, and against his will, and therefore denies that he has broken his covenant or violated the contract, but does not deny that the plaintiff has sustained damage as alleged.   Is this a sufficient answer to the plaintiff's declaration ?   We think not.   The defendant does not allege that the plaintiff was in fault in any respect, but so far as the plea shows, both parties were without fault in the matter of the injunction.   The contract between the parties was a legal and binding one.   The defendant was impliedly under the same obligation to see that the plaintiff had the opportunity to perform the contract that the plaintiff was to perform it.   It was the business of the defendant to know before he made the contract and thereby induced the plaintiff to incur the expense of preparation, that he had the right to have the contract performed.   If he had not that right, then he was in fault in making the contract, and should be liable to the plaintiff for the damages, and it is no answer to say that he supposed he had the right and acted in good faith.   The fact that

the work was stopped by injunction, can make no difference. The injunction was based upon the supposed want of right; and the fact that the question as to the right has not been finally settled, can make no difference; the effect upon the plaintiff is the same. If this defendant was made a party defendant in the bill upon which the injunction issued, and it shall be finally determined that the injunction was wrongfully obtained, this defendant has his remedy upon the injunction bond; if he was not a party to the bill, then he has his remedy against the West River R. R. Co., and they have their relief upon the bond. If the injunction was rightfully obtained, then the party whose misconduct gave rise to it, should make good the damage resulting therefrom; but in any event, the remedy of this plaintiff is against this defendant alone; he has no remedy against the West River R. R. Co., nor upon the injunction bond. If the plaintiff cannot enforce his claim against the defendant, then he is without remedy, and must bear the loss. If he can enforce his claim, then the defendant has his remedy upon the R. R. Co., they being the party in fault, and the damage falls where it should. Any other rule would make the innocent parties to bear the loss, and leave those in fault to go free. The third plea is adjudged insufficient.

Judgment reversed, and cause remanded.